# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

## AIKEN DIVISION

| | | |
|---|---|---|
| REYNOLD A. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-971-MBS-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | **)** | **AND** |
| JOHN E. POTTER, POSTMASTER | ) | **ORDER** |
| GENERAL UNITED STATES | ) | |
| POSTAL SERVICE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter has been filed by the Plaintiff, *pro se*, alleging racial discrimination in employment. The file reflects that the Complaint was filed on April 14, 2009, and the summons was issued on April 30, 2009 .

In an order issued April 30, 2009, Plaintiff was advised that he was responsible for service of process. However, there is no evidence in the file that the Defendant has ever been served with process in this case. Rule 4(m) of the Federal Rules of Civil Procedure states in part:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within the period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Additionally, Local Rule 4.01 provides:

> *Timely Service of Summons and Complaint.* In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after the filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously served at the expiration of said



one hundred twenty-day (120) period of the identity of the party not served and why service has not been effected.

Here, the time for service began to run on April 14, 2009, and the one hundred and twenty (120) day period for service provided by Rule has expired. It is the responsibility of Plaintiff to effect service upon the Defendant and failure to do so without a showing of some excusable neglect, will result in the dismissal of this case. **Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on the Defendant, or present good cause to the Court for any failure to serve the Defendant, within ten (10) days of the filing of this Report and Recommendation. Failure to do so may result in this case being dismissed.**

### Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendant, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendant, or to demonstrate good cause for having failed to do so,[1] within the time granted herein, it is recommended

---

[1]In the event Plaintiff has failed to serve the Defendant with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation. *See e.g.*, Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and *cf.* Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) ( Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants are not served within 120 days unless good cause is shown.).



that this case be **dismissed**, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

September 8, 2009

**The parties are referred to the Notice Page attached hereto.**



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).